**United States District Court**
For the Northern District of California

1        **\*E-Filed 10/7/10\***

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11

12   AARON KING,                          No. C 10-01979 RS

13            Plaintiff,

14      v.                                **ORDER GRANTING MOTIONS TO DISMISS AND GRANTING IN PART AND DENYING IN PART MOTION FOR A MORE DEFINITE STATEMENT**

15   SAN FRANCISCO COMMUNITY
     COLLEGE DISTRICT, SAN FRANCISCO
16   COMMUNITY COLLEGE POLICE
     DEPARTMENT, RODNEY SANTOS,
17   VICTOR NGOI, DON Q. GRIFFIN, MARK
     ROBINSON, PHILIP R. DAY, JR.,
18   CHARLTON FOTCH, SAN FRANCISCO
     POLICE DEPARTMENT, and DOES 1-100,
19

20            Defendants.
     _____/
21

22

23                    I.  INTRODUCTION

24        From the fall of 2006 until he was suspended in 2009, pro se plaintiff Aaron King was a

25   student enrolled in the defendant San Francisco Community College District ("SFCC District" or

26   "District").  During that time, King made repeated complaints to the District's police department

27   and administration that an individual was stalking, threatening, and sexually harassing him on

28   campus.  Based on the District's handling of his complaints, King brings this action against the

District, several named members of the District's administration and police department,[1] and the San Francisco Police Department ("SFPD").  The SFPD moves to dismiss the complaint in its entirety and the District moves to dismiss all claims but two and ten.  Additionally, the District moves for a more definite statement with respect to claims two, six, seven, eight, and ten.  For the reasons discussed below, the SFPD's motion to dismiss is granted with leave to amend.  The District's motion to dismiss is granted with leave to amend as to some claims.  Its motion for a more definite statement is granted in part and denied in part.

## II.  BACKGROUND

According to King's complaint, for more than two years he was repeatedly "stalked, threatened, sexually harassed, harassed and terrorized" on the District's campuses while he was enrolled as a student.  Although he made numerous complaints to the District's administration and police department, the stalker was allowed to remain on campus "unpunished and unchallenged."  Instead of responding to his complaints, King contends that the District and named defendants retaliated against him.  He was arrested by the District Police Department, suspended from classes, and prevented from completing his degree.  King alleges that these actions were motivated, in part, by unlawful discrimination.  He claims that the District and named defendants engage in racial profiling and also apply a "gender-based, dual standard" in responding to victims of crimes.

Based on these contentions, King seeks damages and injunctive relief for violations of his rights under: (1) the Fourteenth Amendment; (2) Title IX; (3) the Sixth Amendment; (4) 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986; (5) the Clery Act; (6) the California Education Code; (7) the California Unruh Civil Rights Act; (8) California common law; (9) the rules and regulations of the SFCC District; and (10) federal and California sexual harassment laws.  In his complaint, King asserts all claims against a group of defendants that he labels "CCSF."  CCSF, as defined by King, includes the District, the District Police Department, and District employees Rodney Santos, Victor Ngoi, Don Q. Griffin, Mark Robinson, Philip R. Day, Jr., and Charlton Fotch, "individually and/or

---

[1]     King names the San Francisco Community College District Police Department as a separate defendant.  In its motion, the District notes that the police department is not a separate legal entity and therefore its motion to dismiss with respect to the "District" is intended to include claims against the SFCC District Police Department.

United States District Court
For the Northern District of California

collectively." While King's complaint names members of the District's administration and police department, as of the hearing on the District's and SFPD's motions, King had not served any of the individual District employees. Thus, any claims against individual District employees, either in their official or personal capacities, are not presently at issue. Accordingly, this order addresses only King's claims against institutional defendants SFPD and the District.

### III. LEGAL STANDARD

In a claim for relief, the plaintiff must present "a short and plain statement" demonstrating that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). If the complaint does not meet this standard, the defendant may move to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), dismissal is appropriate if either the claimant does not raise a cognizable legal theory or otherwise fails to allege sufficient facts to support a cognizable claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Thus, while a legally sufficient complaint does not require "detailed factual allegations," it must contain more than "unadorned" assertions of harm or bare legal conclusions without factual support. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a Rule 12(b)(6) motion to dismiss, all material allegations in the complaint are accepted as true and construed in the light most favorable to the non-moving party. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint is granted liberally. Fed. R. Civ. P. 15(a) ("leave shall be freely given when justice so requires"). Where a motion to dismiss is granted, the claimant should be given leave to amend unless additional facts "could not possibly cure the deficiencies" in the complaint. *Doe v. United States* (*In re Doe*), 58 F.3d 494 (9th Cir. 1995). If amendment would be futile, then dismissal without leave to amend is within the court's discretion. *See*, *e.g.*, *Saul v. United States*, 928 F.2d 828, 843 (9th Cir. 1991).

Instead of challenging the legal sufficiency of a claim, a party may move for a more definite statement where the complaint is "so vague or ambiguous" that the respondent is unable frame a reasonable response. Fed. R. Civ. P. 12(e). Such a motion is only appropriate where the complaint is so indefinite as to be unintelligible. *See Wood v. Apodaca*, 375 F. Supp. 2d 942, 949 (N.D. Cal.

United States District Court
For the Northern District of California

No. C 09-05306 RS
ORDER GRANTING MOTIONS TO DISMISS

2005).  As a disfavored remedy, motions for a more definite statement are rarely granted.  *See*

*Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 577 (N.D. Cal. 1999).

IV.  DISCUSSION

A.      SFPD's Motion to Dismiss

Defendant SFPD moves to dismiss the complaint in its entirety for failure to state a claim

upon which relief can be granted.  As discussed above, King's complaint arises from the alleged

failure of the SFCC District to respond to his complaints about a stalker on the District's campuses.

The complaint does not contain any allegation of misconduct by the SFPD.  King names the SFPD

as a defendant in his complaint, but fails to allege that the SFPD is liable under any of his ten claims

for relief.[2]

In his opposition, King acknowledges that his complaint does not raise any claim against the

SFPD.  He argues, however, that there is a "contractual, agency relationship" between the SFPD and

the SFCC District.  King's only factual allegation against the SFPD is that it holds a record of his

arrest by the SFCC District Police Department.  Based on this asserted agency relationship, King

seeks to amend his complaint to add the SFPD to his definition of "CCSF," thereby asserting all

claims against the SFPD.

While detailed allegations are unnecessary, the plaintiff must provide sufficient facts to

support "a reasonable inference that the defendant is liable for the misconduct alleged."  *Bell*

*Atlantic Corp.*, 550 U.S. at 570.  Merely changing the label applied to the SFPD does not cure the

lack of factual allegations against the SFPD giving rise to liability.  Therefore, the SFPD's motion to

dismiss is granted.  Although King is accorded leave to amend his complaint, he should do so only

if, in good faith, he is able to provide factual allegations supporting each claim asserted against the

SFPD.

B.      SFCC District's Motion to Dismiss

        1.      Constitutional Claims

---

[2]      All ten claims are directed against King's group of defendants "CCSF," which does not include the SFPD nor any employee of that department.

King alleges violations of his constitutional rights under the Fourteenth Amendment (claim one) and the Sixth Amendment (claim three). King cannot maintain a direct cause of action under the Constitution. Instead, 42 U.S.C. section 1983 provides the exclusive remedy for violations of federal constitutional rights committed by state actors. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989); *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). Moreover, the Eleventh Amendment is not abrogated by section 1983. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Claims for damages under that federal civil rights statute are barred against a state or state official acting in his or her official capacity.[3] *Id.* at 338. Furthermore, under the law of this Circuit, the SFCC District represents an arm of the State for purposes of the Eleventh Amendment. *Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 972 (9th Cir. 1994) (stating "community college districts are dependent instrumentalities of the state of California"). It is therefore apparent that no set of additional facts could support a section 1983 claim against the District as a state entity. Accordingly, the District is dismissed from King's first and third claims without leave to amend.

### 2.    Title IX

King's second claim is based on violations of Title IX of the Education Amendments of 1972 ("Title IV"). 20 U.S.C. §§ 1681-88. Under Title IX, a student may not "be excluded from participation in, be denied the benefits of, or be subject to discrimination under" a federally funded educational program on the basis of gender. Congress has abrogated the States' Eleventh Amendment immunity for Title IX claims. *See Stanley v. Trs. of the Cal. State Univ.*, 433 F.3d 1129, (9th Cir. 2006) (citing *Franklin v. Gwinnett County Pub. Sch.*, 503 U.S. 60, 72 (1992)). Thus, with respect to this claim, the District moves only for a more definite statement under Rule 12(e). It contends that King's claims are presented "shotgun" style, where each successive claim incorporates all of the preceding paragraphs of the complaint. *See Destfino v. Kennedy*, No. CV-F-

---

[3]    Under *Ex parte Young*, the Eleventh Amendment does not bar suits in federal court against a state official for prospective relief. 209 U.S. 123 (1908). Also, claims for damages against state officials acting in their individual capacity are unaffected by the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991).

United States District Court

For the Northern District of California

08-1269 LJO DLB, 2009 U.S. Dist. LEXIS 18138 (E.D. Cal. Jan. 7, 2009), at *14 (explaining that incorporating all prior paragraphs, regardless of relevance, is an impermissible form of pleading).

King alleges that he was stalked, threatened, sexually harassed and terrorized on the CCSF campuses by a person who had access to the District's territory and facilities "under the guise of being a student." He states that the harassment, including sexual harassment, recurred for over two years and that he repeatedly communicated this issue to the District during that time. He contends that such failure to respond to the harassment by a third party was willful and amounted to "shielding" the third party. King claims that he was suspended from classes and prevented from graduating in retaliation for his complaints to the District. Furthermore, he accuses the District of gender-based differences in its response to criminal complaints. In sum, King is apparently claiming that the District's own acts of gender discrimination or its response to third-party sexual harassment violated his rights under Title IX. If the Title IX claim were the only claim alleged, then the District's motion for a more definite statement would be unwarranted.

The issue with King's complaint, however, is that essentially the entire complaint is incorporated into each of his ten claims and alleged against all defendants. Furthermore, many of King's individual "claims" cite numerous separate statutes or causes of action. Taken in total, King's complaint is insufficiently definite with respect to which allegations are relevant to any given claim. Ultimately, King's complaint is being dismissed in substantial part with leave to amend. Thus, for any amended complaint, King is advised to keep in mind the Rule 8 pleading standard of a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Incorporation by reference, when used to incorporate relevant allegations, is wholly appropriate and promotes concise pleadings. *See Destifino,* 2009 U.S. Dist. LEXIS 18138, at *13(citing *Fontana v. Haskin*, 262 F.3d. 871, 877 (9th Cir. 2001)). Wholesale incorporation without regard to relevance, however, should be avoided. Thus, the District's 12(e) motion for a more definite statement is granted.

3.    42 U.S.C. §§ 1981, 1983, 1985(3), and 1986

In his fourth claim, King raises violations of 42 U.S.C. sections 1981, 1983, 1985(3), and 1986. Section 1981 prohibits racial discrimination by private and state actors and section 1983, as stated above, provides the remedy for constitutional violations under color of state law. *See* 42

U.S.C. §§ 1981 and 1985.  Section 1985 prohibits conspiracies to interfere with civil rights and section 1986 provides liability for failure to prevent section 1985 conspiracies.  *See* 42 U.S.C. §§ 1985 and 1986.  As previously discussed, the SFCC District is an arm of the State for Eleventh Amendment purposes, thus barring King's section 1983 claim for monetary relief against the District or District employees in their official capacities.  In addition to section 1983 claims, the Ninth Circuit has held that state entities are immune from section 1981, 1985, and 1986 claims under the Eleventh Amendment.  *See Mitchell v. Los Angeles Community College District*, 861 F.2d 198, 201 (9th Cir. 1988) (holding Los Angeles Community College District is a state entity immune from section 1981, 1983, and 1985 claims); *Cerrato*, 26 F.3d at 972, 975 (holding section 1983, 1985, and 1986 claims against SFCC District barred by the Eleventh Amendment).  Therefore, the District's motion to dismiss the fourth claim against the District as a state entity is granted without leave to amend.

### 4.   Clery Act

King's fifth claim is based on alleged violations of the Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act ("Clery Act").  20 U.S.C. § 1092(f).  The Clery Act mandates the annual publication of security policies and crime statistics for institutions of higher education participating in certain federal programs.  *Id.*  While the District's compliance with the Clery Act may be relevant evidence, the Act itself does not provide any private right of action. § 1092(f)(14)(A)(I) ("Nothing in this subsection may be construed to . . . create a cause of action against any institution of higher education or any employee of such an institution for any civil liability . . . ").  The District's motion to dismiss claim five is granted and, as private enforcement is not authorized, the dismissal is without leave to amend.

### 5.   California Statutory Claims

In his sixth claim, King asserts violations of numerous sections of the California Education Code.[4]  King's seventh claim is brought under the California Unruh Civil Rights Act.  Cal. Civ.

---

[4]      King's complaint refers to "rights protected by California Education Code §§ 200, 220, 231.5 et seq.; 66010.2 et seq.; 66017 et seq.; 66030 et seq.; 66201 et seq.; 66251, 66252 et seq.; 66270, 66281.5, 66292 et seq.; 66301, 67380, 67381, 67385, 67385.7 et seq.; 69811 et seq.; 70902 et seq.; 72012 et seq. 76031, 76033, 76034 et seq.; 76120 et seq."

*(left margin, vertical text)* United States District Court   For the Northern District of California

United States District Court

For the Northern District of California

Code § 51 ("This section shall be known as . . . the Unruh Civil Rights Act."); *see also Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 757 (2002) (stating that courts consistently describe claims arising under Civil Code sections related to section 51 as Unruh Civil Rights Act claims).  As to these alleged state law violations, the District contends that dismissal is warranted by King's failure to follow the claims presentation requirements of the California Government Claims Act ("Claims Act").  Cal. Gov. Code §§ 905, 945.4.  For his Unruh Civil Rights Act claim, King does not specify the precise section(s) under which he brings suit.  Nonetheless, courts have held that violations under various California Civil Code sections related to the Unruh Civil Rights Act are subject to the Government Claims Act.  *See*, *e.g.*, *Lopez v. Chertoff*, No. ED CV 07-1566-LEW, 2009 U.S. Dist. LEXIS 16943 (E.D. Cal. Mar. 2, 2009), at *6-7.

Under the Claims Act, suits against public entities "for money or damages" may not proceed unless a written claim has been presented and first acted upon or rejected by the entity.  Cal. Gov. Code § 945.4.  As the California Supreme Court explained, claim presentation to the public entity is not merely procedural.  Instead, it is "an integral part of plaintiff's cause of action.*" State of California v. Superior Court*, 32 Cal. 4th 1234, 1240 (2004).  As such, it is the plaintiff's burden "to allege facts demonstrating or excusing" compliance with the Act.  *Id.* at 1241-42.  Otherwise, the complaint is subject to dismissal for failure to state a claim.  *Id.*  Requiring claimants to follow the Claims Act does not "unfairly bar just claims," as the Act incorporates procedures for relief from strict compliance.  *Id.* at 1245 (referring to a claimant's right to petition the entity and court to present late claims, an entity's obligation to notify claimants as to deficiencies in the claim and its ability to waive defects in presentation, as well as the possibility of a claimant alleging sufficient excuse such as equitable estoppel).  *Id.* at 1245.

The purpose of claim presentation is to place the public entity on notice of a compensable claim that, if unresolved, may lead to litigation.  *See Green v. State Center Community College*, 34 Cal. App. 4th 1348, 1359 (1995).  Under section 915, the Claims Act establishes the required contents of such a claim, including: "(1) the names and addresses of the claimant and the person to whom notices are to be sent, (2) a statement of the facts supporting the claim, (3) a description of the injury *and* the amount claimed as of the time of presentation, and (4) the name(s) of the public

employee(s) who caused the injury, if known." *Loehr v. Ventura County Community College Dist.*, 147 Cal. App. 3d 1071, 1082 (1983) (emphasis in original).  While strict compliance is not mandated, "*some* compliance with *all* of the statutory requirements" is necessary.  *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 456-57 (1974) (emphasis in original).

In this case, King's complaint does not include a statement, or sufficient facts to conclude, that he has complied with the claims presentation requirements of the Claims Act.  In his opposition, King states that he made numerous attempts to resolve his issues prior to filing his complaint in federal court.  In particular, he claims that he appealed directly to defendants Santos, Robinson, Fotch, Griffin, and Ngoi.  He also sought to resolve his situation through the SFCC District Office of Affirmative Action, SFCC District Office of Student Advocacy, and the San Francisco Police Commission.  To support his contention that he exhausted alternative remedies before filing this suit, King's opposition includes several statements detailing his attempts to communicate with members of the SFCC District administration and police department.  These efforts included making numerous complaints, including in writing, and filing several police reports against the alleged stalker with the SFCC District Police Department.  For example, King states that on August 1, 2009, he sent a letter to defendant Santos seeking "remedy" of the continuing harassment by the alleged stalker and indicating "that he would pursue legal remedy."  On October 17, 2009, he sent a letter to the SFCC District Office of Affirmative Action "detailing retaliatory suspension and arrest, seeking remedy."  On February 23, 2010 and April 9, 2010, King sent "revised formal complaint[s]" to the SFCC District Office of Affirmative Action, again seeking remedy for his suspension and arrest.

While it is apparent that King engaged in extensive communication with the District, the legal question is whether any of his written communications substantially comply with the requirements of the Government Claims Act.  Ultimately, King's factual statements are insufficient to demonstrate that he satisfied the requirements by placing the District on notice of a potential suit for damages, including the amount sought.  King, however, also seeks remedies beyond damages including, among other relief, an order lifting his suspension from the San Francisco Community College District.  The District does not move to dismiss claims six and seven in their entirety.  Instead, it moves to dismiss the claims to the extent that monetary relief is sought.

No. C 09-05306 RS
ORDER GRANTING MOTIONS TO DISMISS

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    At this point, however, the Court need not determine whether King's claims primarily seek

2    damages or injunctive relief.  Instead, the District's motion to dismiss claims six and seven is

3    granted with leave to amend.  To the extent King elects to advance an amended claim that includes a

4    request for monetary relief, he may do so only if, in good faith, he can allege sufficient facts to

5    demonstrate or excuse compliance with the Government Claims Act.  The District's motion for a

6    more definite statement at this point is denied.  As the District notes, however, King's current

7    complaint cites twenty-four sections of the California Education Code without articulating which

8    facts are relevant to any purported violation of a specific section.  In any amended complaint, King

9    must renew his claims without wholesale incorporation by reference, if such incorporated material is

10   irrelevant to the claim.

11        6.        California Common Law

12   King's eighth claim advances several common law claims for relief under California law

13   including defamation, negligence, discrimination, retaliation, extortion, conspiracy, fraud, and

14   emotional distress.  Tort recovery against public entities in California, however, is limited by the

15   State's sovereign immunity.  *See In re Ground Water Cases*, 154 Cal. App. 4th 659, 688 (2007).  In

16   other words, a private right of action against state entities exists only where liability is available by

17   statute.  *Id.* (Tort liability for public entities in California is "wholly statutory.").  For these claims,

18   King raises only "common law provisions and standards."  The District also objects to King's

19   failure to comply with the claims presentation requirements with respect to any claims for damages.

20   Based on the failure to provide any statutory basis for liability, the claim is dismissed with leave to

21   amend.  The District's alternate motion for a more definite statement is therefore unnecessary and is

22   denied.

23        7.        Rules and Regulations of SFCC District

24   In his ninth claim, King raises violations by the defendants of the Rules and Regulations of

25   the SFCC District.  As the District contends, the internal regulations of the SFCC District are not

26   statutes or rules of law.  In his opposition, King points only to the California Education Code as

27   providing a potential basis for liability.  Section 72000(a) states that "[t]he district and its governing

28   board may sue and be sued, and shall act in accordance with Section 70902."  Cal. Ed. Code §

72000(a).  This general language, however, does not establish liability for violations of the District's rules and regulations.  While discriminatory application may be relevant to King's other claims, the regulations themselves do not provide an independent basis for a claim.  Thus, the District's motion to dismiss is granted without leave to amend.

8.    Federal and California Sexual Harassment Laws

King's final claim avers "violations of federal and California Sexual Harassment Intent."  In the manner previously noted, King incorporates all preceding paragraphs and asserts that federal and California sexual harassment "statutes and standards" were violated.  Here, the District only moves for a more definite statement.  In this case, King's general allegation of unlawful sexual harassment is sufficiently vague to preclude a meaningful response by the District.  Accordingly, the District's motion for a more definite statement is granted.  Furthermore, principles of sovereign immunity bar claims against the District as a state entity unless the Eleventh Amendment is specifically abrogated or the State waives its immunity.  In any amended complaint, King must limit his claims to those in which a statute authorizes an action against the District.

IV.  CONCLUSION

For the reasons discussed above, the San Francisco Police Department's motion to dismiss the complaint against it is granted with leave to amend.  The San Francisco Community College District's motion to dismiss is granted with leave to amend claims six, seven, and eight.  Its motion to dismiss is granted without leave to amend claims one, three, four, five, and nine.  Finally, the District's motion for a more definite statement is granted for claims two and ten and denied for claims six, seven, and eight.  King must file any amended complaint within 20 days from the date of this order.


IT IS SO ORDERED.

Dated:  10/07/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

*United States District Court*
For the Northern District of California