**\*E-Filed 11/7/11\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON KING, | No. C 10-01979 RS |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| SAN FRANCISCO COMMUNITY COLLEGE DISTRICT; SAN FRANCISCO COMMUNITY COLLEGE POLICE DEPARTMENT; LINDA R. JACKSON, in her official and individual capacity; RODNEY SANTOS, in his official and individual capacity; VICTOR NGOI, in his official and individual capacity; DON Q. GRIFFIN, in his official and individual capacity; and MARK ROBINSON, in his official and individual capacity, | |
| Defendants. | |

## I. BACKGROUND

Pro se plaintiff Aaron King brings this suit for sex discrimination and related claims against the San Francisco Community College District (the "District") and five of its employees: Linda Jackson, Rodney Santos, Victor Ngoi, Don Griffin, and Mark Robinson.[1] According to King, as a

---

[1] Santos and Robinson have not appeared in this action. Although process receipts for them from July 2010 were docketed, they reflect only that the summons and complaint were left with a third party at the San Francisco Community College. As such, there is insufficient evidence to demonstrate that Santos and Robinson have been personally served.

student of the District, he made repeated complaints to its police department about a fellow student who was harassing him. While no action was apparently taken against that individual, King himself was eventually suspended from the college. After his attempts to pursue relief from the District's Office of Affirmative Action were unsuccessful, King initiated this action.

The Court twice granted defendants' motions to dismiss King's prior complaints with leave to amend as to certain claims.[2] In his second amended complaint (SAC), King brings six claims for relief against various subsets of the defendants: (1) violation of Title IX; (2) violation of 42 U.S.C. §§ 1981, 1983 and California's Unruh Civil Rights Act; (3) violation of 42 U.S.C. §§ 1981, 1983, the Unruh Civil Rights Act, and the California Education Code; (4) violation of the California Education Code, negligence, and emotional distress; (5) violation of 42 U.S.C. §§ 1985, 1986; and (6) fraud. Defendants now move to dismiss the SAC for failure to state a claim.[3] Pursuant to Civil Local Rule 7-1(b), the matter is suitable for disposition without oral argument. For the reasons stated below, the motion to dismiss is granted without leave to amend.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim" demonstrating that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). If this standard is not met, the defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), dismissal is appropriate if either the claimant does not raise a cognizable legal theory or otherwise fails to allege sufficient facts to support a cognizable claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Thus, while a legally sufficient complaint does not require "detailed factual allegations," it must contain more than "unadorned" assertions of harm or bare legal conclusions without factual support. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550

---

[2] *See King v. San Francisco Cmty. College Dist.*, No. C 10-01979 RS, 2010 U.S. Dist. LEXIS 110012 (N.D. Cal. Oct. 7, 2010); No. C 10-01979 RS, Docket 61.

[3] As an initial matter, the document King submitted in response to defendants' motion to dismiss purports to be his Opposition combined with a motion for partial summary judgment. As the claims in this case have not yet been established, King may not bring a motion for summary judgment. Accordingly, the Court considers his submission as representing his Opposition to the motion to dismiss.

U.S. 544, 570 (2007)). While leave to amend is generally granted liberally, if amendment would be futile, then dismissal without leave to amend is within the court's discretion. *See*, *e.g.*, *Saul v. United States*, 928 F.2d 828, 843 (9th Cir. 1991).

King brings his first claim against the District for sex discrimination under Title IX of the Educational Amendments of 1972 pursuant to 42 U.S.C. § 1983. Under Title IX, a student may not "be excluded from participation in, be denied the benefits of, or be subject to discrimination under" a federally funded educational program on the basis of gender. 20 U.S.C. § 1681(a). The Court twice granted the District's motions for a more definite statement with respect to this claim. In the SAC, King focuses his claim on allegations that the District did not maintain complaint procedures consistent with the requirements of Title IX. In particular, 34 C.F.R. section 106.8(a) provides that a recipient of funds under Title IX must designate at least one employee to coordinate compliance efforts and to investigate complaints. Furthermore, section 106.8(b) requires that the recipient adopt grievance procedures "for prompt and equitable resolution" of complaints. According to King, despite the fact that the District designated Jackson as the person to receive notice of unlawful discrimination, she failed to perform appropriate investigations in response to his complaints.

In a claim for sex discrimination under Title IX, however, King must allege more than that the District failed to maintain effective grievance procedures. *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 292 (1998). In discussing an alleged failure to comply with section 106.8(b), the Supreme Court stated: "We have never held, however, that the implied private right of action under Title IX allows recovery in damages for violation of those sorts of administrative requirements." To the extent King otherwise seeks to claim that the District discriminated against him, the SAC does not include sufficient factual allegations. While King asserts that his complaints to Jackson included details of "unlawful racial and sexual discriminatory practices" by members of the District's police department, no detailed allegations of discrimination are presented in the SAC. As the SAC represents King's third attempt to state a Title IX claim, the motion to dismiss must be granted without further leave to amend.

In his second and third claims, King brings federal claims for deprivation of due process pursuant to section 1983 and violation of section 1981 against the individual defendants. These

claims also encompass alleged violations of various state laws, which are discussed separately below.  With respect to the federal claims, King incorporates the allegations in the preceding paragraphs of the SAC.  Thus, his due process and section 1981 claims apparently are based on the same averments underlying the Title IX claim.  As King has no private right of action to enforce particular grievance procedures under Title IX, and his allegations otherwise fail to identify discriminatory actions, these claims must also be dismissed without leave to amend.

In his fifth claim, King further asserts that defendants committed violations of 42 U.S.C. §§ 1985 and 1986.  Section 1985 prohibits conspiracies to interfere with civil rights and section 1986 provides liability for failure to prevent section 1985 conspiracies.  In the SAC, King offers only conclusory allegations that various groups of the individual defendants "conspired to suppress rights."  *See Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989) (providing that conclusory allegations of a conspiracy fail to state a section 1983 claim).  Moreover, a section 1983 conspiracy must be grounded in "an actionable" civil rights violation.  *See San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 740 (9th Cir. 2009) (citation omitted).  As the SAC presents no viable predicate civil rights violation and King has not been granted leave to amend any of his dismissed federal claims, the section 1985 and section 1986 claims must also be dismissed without leave to amend.

Finally, King advances a number of California statutory and common law claims against the individual defendants.  In his second, third, fourth, and sixth claims, King alleges various defendants violated the Unruh Civil Rights Act and provisions of the California Education Code, and committed negligence, emotional distress, and fraud.  The Court previously dismissed the statutory claims against the District without leave to amend for failure to comply with the claims presentation requirements of the California Government Claims Act (Claims Act).  *See* Cal. Gov. Code §§ 905, 945.4.  While King was granted leave to amend with respect to the individual defendants, they now move to dismiss all state law claims for similar reasons.

Pursuant to the Claims Act, a claim against a public employee "for injury resulting from an act or omission in the scope of his employment" is barred unless the claimant first files a timely claim against the public entity.  *See Fowler v. Howell*, 42 Cal. App. 4th 1746, 1750 (1996) (quoting

Cal. Gov. Code § 950.2) (internal quotation marks omitted). Whether an employee acted within the scope of his or her employment is construed broadly and includes "willful and malicious torts as well as negligence." *Id.* (citation omitted). In the SAC, all of King's allegations relate to acts that defendants undertook or failed to perform as part of their employment with the District. In response to defendants' motion to dismiss, King raises no suggestion otherwise. Accordingly, the remaining state law claims must all be dismissed without leave to amend for failure to meet the requirements of the Claims Act.

### III. CONCLUSION

Defendants' motion to dismiss the SAC is granted without leave to amend.

IT IS SO ORDERED.

Dated: 11/7/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE